■ FLORENCE WALL et al., Respondents, v. JOSEPH LO VERDE et al., Defendants, and NORMAN ZWIEBEL, Doing Business as PLASTIC ENTERPRISES, Appellant. — In a negligence action against third parties to recover damages for personal injury, medical expenses, etc., allegedly sustained as the result of

an injury to the female plaintiff while operating a power press, the defendant Zwiebel appeals from an order of the Supreme Court, Queens County, dated September 9, 1964, which denied his motion, pursuant to CPLR 3212, for summary judgment dismissing the complaint. Order reversed, with $10 costs and disbursements; motion granted; complaint dismissed as to defendant Zwiebel, without costs; and action severed as against him. The female plaintiff, employed by Stick-On Plastics, Inc., was injured during the course of her employment and applied for and received payments under the Workmen's Compensation Law. This action was instituted against the third parties whose negligence allegedly caused the accident. With respect to the defendant Zwiebel, it is alleged that he caused alterations to be made to the machine which rendered it dangerous. The said defendant Zwiebel, who was president of Stick-On Plastics, Inc., moved for summary judgment on the ground that plaintiffs' action against him was barred by the Workmen's Compensation Law. Plaintiffs opposed the motion on the ground that, at the times in question, Zwiebel, individually, was conducting an independent business on the premises under the name of Plastic Enterprises. In our opinion, the affidavits fail to disclose any real, triable issue as to whether defendant Zwiebel was operating an independent business at the times in question (cf. *Schillinger* v. *North Hills Realty Corp.*, 15 A D 2d 539, affd. 11 N Y 2d 1044). The record indicates that Plastic Enterprises was merely a trade name used by Stick-On Plastics, Inc., and there was no evidentiary showing by plaintiffs that Zwiebel was doing business under that name, individually, at the times here relevant. We are also of the opinion that plaintiffs made no evidentiary showing whatever to support their claim that the defendant Zwiebel tampered with the machine or caused it to be so altered that it became dangerous. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.